UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MAURICE WILLIAMS, | : | |
| | : | |
| Petitioner, | : | Civ. No. 16-0369 (RBK) |
| | : | |
| v. | : | |
| | : | |
| WILLIE BONDS, | : | **OPINION** |
| | : | |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

### I.   INTRODUCTION

Petitioner is a state prisoner currently incarcerated at the South Woods State Prison in Bridgeton, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the habeas petition will be summarily dismissed without prejudice.

### II.   BACKGROUND

Petitioner states in his habeas petition that he is currently serving a forty-year prison term with a mandatory minimum of twenty years that must be served before he is to be released from custody. Petitioner explains that he was awarded 3,226 days of jailtime credits when his sentence was imposed such that his mandatory minimum release date is October 17, 2015. Thus, according to petitioner, "[t]he mandatory minimum release date has expired, yet [he] remains in custody without a decision from the New Jersey State Parole Board imposing a parole ineligibility period." (Dkt. No. 1)

### III.   LEGAL STANDARD:  *SUA SPONTE* DISMISSAL

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

"[A] district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

## IV.   DISCUSSION

Section 2241 of Title 28 of the United States Code confers jurisdiction on district courts to issue a writ of habeas corpus in response to a petition from a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2254 confers jurisdiction on district courts to issue "writs of habeas corpus on behalf of a person in custody *pursuant to the judgment of a state court* . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added).

In *Coady v. Vaughn*, 251 F.3d 480 (3d Cir. 2001), a Pennsylvania state prisoner filed habeas petitions pursuant to 28 U.S.C. §§ 2241 and 2254 which challenged a decision of the state parole board denying his application for release on parole. Ultimately, the Third Circuit determined that Coady must rely on § 2254 instead of § 2241. Indeed, the Third Circuit explained that:

> It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one . . . . The rationale for this cannon is that a general provision should not be applied "when doing so would undermine limitations created by a more specific provision." In the instant case, both Sections 2241 and 2254 authorize Coady's challenge to the legality of his continued state custody. However, with respect to habeas petitions filed by state

>prisoners pursuant to Section 2254, Congress has restricted the availability of second and successive petitions through Section 2244(b). Allowing Coady to file the instant petition in federal court pursuant to Section 2241 without reliance on Section 2254 would circumvent this particular restriction in the event that Coady seeks to repetition for habeas relief and would thereby thwart Congressional intent. Thus, applying the "specific governs the general" canon of statutory construction to this action, we hold that Coady must rely on Section 2254 in challenging the execution of his sentence.

*Coady*, 251 F.3d at 484-85.

Petitioner's reliance on § 2241 is misplaced in this case as he must proceed under § 2254 because he is challenging the execution of his state sentence. *See Washington v. Sobina*, 509 F.3d 613, 618 n.5 (3d Cir. 2007) ("We have held that a state prisoner challenging the validity or execution of his state court sentence must rely on the more specific provisions of § 2254 rather than § 2241.") (citing *Coady*, 251 F.3d at 485); *DeVaughn v. Dodrill*, 145 F. App'x 392, 394 (3d Cir. 2005) (per curiam) ("A prisoner challenging either the validity or execution of his state court sentence must rely on the more specific provisions of § 2254 and may not proceed under § 2241.") (citation omitted); *see also Coady*, 251 F.3d at 485 ("[W]e hold that Coady must rely on Section 2254 in challenging the execution of his sentence."). Accordingly, the habeas petition will be summarily dismissed.

This Court will not recharacterize the instant § 2241 petition as a § 2254 petition. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Mason v. Myers*, 208 F.3d 414 (3d Cir. 2000). If petitioner elects to file a § 2254 petition, he must use the § 2254 proper form and file it as a new case.

## V. CONCLUSION

For the foregoing reasons, the habeas petition will be summarily dismissed without prejudice as the relief petitioner seeks is properly raised in a § 2254 petition rather than the instant § 2241 petition. An appropriate order will be entered.


DATED: January 27, 2016                    s/Robert B. Kugler
                                           ROBERT B. KUGLER
                                           United States District Judge